UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLIFFORD DORSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:16-cv-328 |
| | ) |
| ADVICS MANUFACTURING | ) |
| INDIANA, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Clifford Dorsey ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Advics Manufacturing Indiana, LLC ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

## PARTIES

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation that operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, and 42 U.S.C. § 1988.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff is a male and is African-American, placing him in protected classes under Title VII.

10. At all times relevant, Plaintiff has been employed by Defendant as an Operator.

11. Throughout his employment with Defendant, Plaintiff has been subjected to unlawful harassment on the basis of his sex. The harassment has been both severe and pervasive. The harassment has been both objectively and subjectively offensive to Plaintiff. By way of example, but not limitation, of this harassment, Autumn O'Dell ("O'Dell"), a female and Plaintiff's Team Leader at Defendant, constantly makes sexual innuendos toward Plaintiff, has asked Plaintiff if she could send him pictures of herself naked, and has propositioned Plaintiff for sex.

12. In or about mid-August, 2015, O'Dell grabbed Plaintiff's crotch as she walked by him. Thereafter, O'Dell continued her harassment of Plaintiff with the addition of sexual comments about Plaintiff being well endowed. These comments lead to other employees of Defendant creating sexual nicknames for Plaintiff, including, but not limited to, "subway" and "footlong."

13. Throughout this harassment, Plaintiff made it known that these sexual comments and touching were unwelcome.

14. In August, 2015, Plaintiff complained about the foregoing sexual harassment to Defendant. Plaintiff's conduct in this regard constitutes protected activity under Title VII. However, Defendant failed to take appropriate action in response to Plaintiff's complaint.

15. A short time later, Plaintiff made another complaint to Defendant regarding the foregoing sexual harassment. Plaintiff's conduct in this regard constitutes protected activity under Title VII. Defendant again failed to take appropriate action in response to Plaintiff's complaint.

16. Shortly thereafter, O'Dell began gloating about the fact that nothing happened in response to Plaintiff's complaints, and she told Plaintiff, "Just so you know, it's still big dick Tuesday."

17. On information and belief, Defendant has taken appropriate remedial action in response to other complaints of harassment when the employee(s) complaining were female.

18. On information and belief, Defendant has taken appropriate remedial action in response to other complaints of harassment when the employee(s) complaining were not African-American.

19. All proffered reasons for Defendant's failure to take appropriate action in response to Plaintiff's complaints are pretextual.

20. Plaintiff has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

## COUNT I

### TITLE VII – SEX HARASSMENT

21. Plaintiff hereby incorporates paragraphs 1 – 20 of his Complaint.

22. Defendant created a hostile work environment for Plaintiff because of his sex.

23. Plaintiff complained about the hostile environment to Defendant, but Defendant took no action designed to remedy the hostile work environment.

24. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II

### TITLE VII – SEX DISCRIMINATION

25. Plaintiff hereby incorporates paragraphs 1 – 24 of his Complaint.

26. Defendant took adverse employment actions against Plaintiff because of his sex.

27. Other, similarly-situated individuals who are not male have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III

### TITLE VII – RACE DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs 1 – 28 of his Complaint

30. Defendant took adverse employment actions against Plaintiff based on his race.

31. Other, similarly-situated employees who are not African-American were treated more favorably by Respondent and have not been subject to the same adverse employment actions as Plaintiff.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT IV

## SECTION 1981 – RACE DISCRIMINATION

33. Plaintiff hereby incorporates paragraphs 1 – 33 of his Complaint.

34. Defendant took adverse employment actions against Plaintiff based on his race.

35. Other, similarly-situated employees who are not African-American were treated more favorably by Respondent and have not been subject to the same adverse employment actions as Plaintiff.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Clifford Dorsey, respectfully requests that this Court find for him and order that:

1. Defendant be enjoined from engaging in future discrimination, harassment, and/or retaliation in regard to Plaintiff;

2. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

3. Defendant pay lost wages and benefits to Plaintiff;

4. Defendant pay compensatory and punitive damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana  46204
Telephone:	(317) 955-9500
Facsimile:	(317) 955-2570
Email:	jhaskin@jhaskinlaw.com
	kwilson@jhaskinlaw.com

Attorneys for Plaintiff
Clifford Dorsey

## DEMAND FOR JURY TRIAL

Plaintiff, Clifford Dorsey, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49